RECEIVED

UNITED STATES GOVERNMENT
MEMORANDUM

DATE: August 17, 2007

TO: Honorable Mark E. Fuller
U.S. District Judge

FROM: Louis D. Johns, Jr.
U. S. Probation Officer
Dothan Office

SUBJECT: DENNIS DENNOARD FAULK, JR.
TRANSFER OF JURISDICTION

Attached please find the Probation Form 22 on the above referenced defendant. He was originally sentenced in the Southern District of Texas and a copy of the Judgment is included. Mr. Faulk was reared in Alabama and was in Texas due to employment. He is currently supervised by this officer and resides in Ozark, Alabama.

U.S. District Judge Micaela Alvarez signed the transfer of jurisdiction on July 6, 2007. It is now being submitted for consideration by the Court. It is the recommendation of the Probation Office that transfer of jurisdiction be accepted by this district.

Respectfully submitted,

Louis D. Johns, Jr.
U.S. Probation Officer

enclosure



| PROB 22 (Rev. 8/97) | | DOCKET NUMBER *(Tran. Court)* 5:04CR02389-002 |
|---|---|---|
| **TRANSFER OF JURISDICTION** RECEIVED | | DOCKET NUMBER *(Rec. Court)* 1:07cm1329MEF |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: 2007 AUG 20 A 11:54 Dennis Dennoard Faulk, Jr. DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA | DISTRICT SOUTHERN DISTRICT OF TEXAS | DIVISION Laredo |
| | NAME OF SENTENCING JUDGE Helen G. Berrigan | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM February 5, 2007 — TO February 4, 2010 |

OFFENSE

Transportation of an undocumented alien by means of a motor vehicle within the United States for private financial gain, 8 U.S.C. § 1324(a)(1)(B)(i)

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE <u>SOUTHERN DISTRICT OF TEXAS, Laredo Division</u>

    It is ordered that the jurisdiction of this probationer or supervised releasee be transferred with the records of the Court to the United States District Court for the Middle District of Alabama on that Court's acceptance. This Court expressly consents that the period of supervision may be changed by the receiving District Court without approval of this court. See 18 U.S.C. 3605.

July 6, 2007
*Date*

*Micaela Alvarez, United States District Judge*

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE <u>MIDDLE DISTRICT OF ALABAMA, Dothan Division</u>

    Jurisdiction over the person supervised is accepted by this Court from the entry of this order.

*Effective Date*

*United States District Judge*

AO 245B  (Rev. 12/03) Judgment in a Criminal Ca.
Sheet 1

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Laredo

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| **DENNIS DENNOARD FAULK, JR.** | CASE NUMBER: **5:04CR02389-002** |
| | USM NUMBER: 44937-179 |
| ☐ See Additional Aliases. | Donato D. Ramos |
| **THE DEFENDANT:** | Defendant's Attorney |

☒ pleaded guilty to count(s)   one on December 16, 2004

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 8 U.S.C. § 1324(a)(1)(B)(i) | Transportation of an undocumented alien by means of a motor vehicle within the United States for private financial gain | 10/22/2004 | one |

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) two _____   ☒ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 18, 2005
Date of Imposition of Judgment

Signature of Judge

**HELEN G. BERRIGAN**
**CHIEF UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

Date

DRG/BAB/am



AO 245B  (Rev. 12/03) Judgment in a Criminal Ca.
Sheet 2 -- Imprisonment

Judgment -- Page 2 of 6

DEFENDANT: DENNIS DENNOARD FAULK, JR.
CASE NUMBER: 5:04CR02389-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ____4 months.____

The defendant was advised of the right to appeal the sentence, including the right to appeal in forma pauperis, upon proper documentation.

☐ See Additional Imprisonment Terms.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☒ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **DENNIS DENNOARD FAULK, JR.**
CASE NUMBER: **5:04CR02389-002**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>3 years.</u>

☐ See Additional Supervised Release Terms.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. *(for offenses committed on or after September 13, 1994)*

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3C -- Supervised Release

Judgment -- Page 4 of 6

DEFENDANT:    **DENNIS DENNOARD FAULK, JR.**
CASE NUMBER:  **5:04CR02389-002**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant is restricted to his or her place of residence continuously, except for absences authorized by the probation officer, for a period of 2 months after release from custody. The probation officer may approve absences for gainful employment, religious services, medical care, education or training programs, and at other times as may be specifically authorized by the probation officer. Electronic monitoring may be used to monitor compliance with this condition; however, alternative means of surveillance may be used that will ensure compliance with this special condition. If electronic monitoring is used, the defendant will incur costs associated with such monitoring, based on ability to pay as determined by the probation officer.

Judgment -- Page 5 of 6

DEFENDANT: **DENNIS DENNOARD FAULK, JR.**
CASE NUMBER: **5:04CR02389-002**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $100.00 | | |

☐ See Additional Terms for Criminal Monetary Penalties.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal payees must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

☐ See Additional Restitution Payees.

**TOTALS**      $ _____0.00      $ _____0.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the ☐ fine     ☐ restitution.

   ☐ the interest requirement for the ☐ fine     ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment -- Page 6 of 6

DEFENDANT: **DENNIS DENNOARD FAULK, JR.**
CASE NUMBER: **5:04CR02389-002**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☒  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐  not later than _____, or
    ☒  in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ installments of $ _____ over a period of _____, to commence _____ days after the date of this judgment; or

D  ☐  Payment in equal _____ installments of $ _____ over a period of _____, to commence _____ days after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:
    Make all payments payable to: U.S. District Clerk, 1300 Victoria, Ste. 1131, Laredo, TX 78040

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**           **Joint and Several**      **Corresponding Payee,**
**(including defendant number)**     **Total Amount**      **Amount**      **if appropriate**

☐ See Additional Defendants and Co-Defendants Held Joint and Several.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

☐ See Additional Forfeited Property.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Attachment (Page 1) -- Statement of Reasons

Judgment -- Page 1 of 3

DEFENDANT: **DENNIS DENNOARD FAULK, JR.**
CASE NUMBER: **5:04CR02389-002**
DISTRICT: **Southern District of Texas**

# STATEMENT OF REASONS
(Not for Public Disclosure)

☐ THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS WITHOUT CHANGE.

OR

☒ THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS BUT WITH THESE CHANGES:
(Use Page 3, if necessary.)

☒ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level or specific offense characteristics):
The Court finds the "reckless endangerment" enhancement is not merited in this case, pursuant to U.S.S.G. § 2L1.1(b)(5)

☐ **Chapter Three of the U.S.S.G. Manual** adjustment determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

☐ THE COURT ADOPTS THE PRESENTENCE REPORT WITH THESE COMMENTS OR FINDINGS (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions. Specify court comments or findings, including paragraphs in the presentence report.) (Use Page 3, if necessary.)

**GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**
Total Offense Level: 10
Criminal History Category: III
Imprisonment Range: 10 to 16 months
Supervised Release Range: 2 to 3 years
Fine Range: $ 2,000.00 to $ 20,000.00
☒ Fine waived or below the guideline range because of inability to pay.

☐ THE SENTENCE IS WITHIN THE GUIDELINE RANGE, THAT RANGE DOES NOT EXCEED 24 MONTHS, AND THE COURT FINDS NO REASON TO DEPART.

OR

☐ THE SENTENCE IS WITHIN THE GUIDELINE RANGE, THAT RANGE EXCEEDS 24 MONTHS, AND THE SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS: (Use Page 3, if necessary.)

DEFENDANT:     DENNIS DENNOARD FAULK, JR.
CASE NUMBER:   5:04CR02389-002
DISTRICT:      Southern District of Texas

# STATEMENT OF REASONS
(Not for Public Disclosure)

## RESTITUTION DETERMINATIONS

Total Amount of Restitution:  $_____

☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

☐ Restitution is not ordered for other reasons:


☐ Partial restitution is ordered under 18 U.S.C. § 3663(c) for these reasons:


## DEPARTURE (Check all that apply)

☒ The sentence departs below the guideline range for the following reasons; or
☐ The sentence departs above the guideline range for the following reasons:

**Pursuant to a Plea Agreement**
☐ based on 5K1.1 motion of the government based on the defendant's substantial assistance;
☐ based on a government motion pursuant to an early disposition program;
☐ based on a binding plea agreement for departure which the court has accepted (cite below reason, if applicable);
☐ based on a plea agreement which cites the below reason for departure, which the court finds to be justified; or
☐ based on a plea agreement which states that the government will not oppose a defense departure motion and cites the below reason.

**Pursuant to a Motion Not Addressed in a Plea Agreement**
☒ pursuant to a 5K1.1 motion of the government based on the defendant's substantial assistance;
☐ pursuant to a government motion based on the below reason for departure; or
☐ pursuant to a defense motion based on the below reason for departure to which the government has not objected; or
☐ pursuant to a defense motion based on the below reason for departure to which the government has objected.

☐ Other than plea agreement or motion by the parties based on the below reason for departure.

**Reason(s) for Departure**

| | | |
|---|---|---|
| ☐ 4A1.3 Criminal History Adequacy (explain): | ☐ 5K2.8 Extreme Conduct | ☐ 5K2.16 Voluntary Disclosure of Offense |
| ☐ 5K2.0 Aggravating or Mitigating Circumstances (explain): | ☐ 5K2.9 Criminal Purpose | ☐ 5K2.17 High-Capacity Semiautomatic Firearm |
| | ☐ 5K2.10 Victim's Conduct | ☐ 5K2.18 Violent Street Gang |
| ☐ 5K2.1 Death | ☐ 5K2.11 Lesser Harm | ☐ 5K2.20 Aberrant Behavior |
| ☐ 5K2.2 Physical Injury | ☐ 5K2.12 Coercion and Duress | ☐ 5K2.21 Dismissed and Uncharged Conduct |
| ☐ 5K2.3 Extreme Psychological Injury | ☐ 5K2.13 Diminished Capacity | ☐ 5K2.22 Age or Health of Sex Offenders |
| ☐ 5K2.4 Abduction or Unlawful Restraint | ☐ 5K2.14 Public Welfare | ☐ 5K2.23 Discharged Terms of Imprisonment |
| ☐ 5K2.5 Property Damage or Loss | | ☐ 5K3.1 Early Disposition, "fast-track" Program |
| ☐ 5K2.6 Weapons and Dangerous Instruments | | |
| ☐ 5K2.7 Disruption of Government Function | | |

☐ Other (e.g., 2B1.1 commentary, 5H1.1-5H1.6 or 5H1.11)(explain and state guideline and/or statutory basis). (Use Page 3, if necessary.)

AO 245B    (Rev. 12/03) Judgment in a Criminal Cas
           Attachment (Page 3) -- Statement of Reasons

Judgment -- Page 3 of 3

DEFENDANT:    DENNIS DENNOARD FAULK, JR.
CASE NUMBER:  5:04CR02389-002
DISTRICT:     Southern District of Texas

# STATEMENT OF REASONS
(Not for Public Disclosure)

**ADDITIONAL PRESENTENCE REPORT AND GUIDELINE APPLICATION CHANGES**   (If necessary.)



☐ Continued on next page.

**SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS**   (If necessary.)
   The Court finds the guidelines adequately address the sentencing factors in 18 U.S.C. § 3553(a).



☐ Continued on next page.

**ADDITIONAL COMMENTS OR FINDINGS CONCERNING INFORMATION IN PRESENTENCE REPORT**   (If necessary.)



☐ Continued on next page.

**ADDITIONAL REASONS FOR DEPARTING FROM THE GUIDELINE RANGE**   (If necessary.)



☐ Continued on next page.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 08/15/1976
Defendant's Residence Address:
City Road 20 #3942
Ozark, Alabama 36361

May 18, 2005
Date of Imposition of Judgment


Signature of Judge

Defendant's Mailing Address:
City Road 20 #3942
Ozark, Alabama 36361

**HELEN G. BERRIGAN**
**CHIEF UNITED STATES DISTRICT JUDGE**
Name and Title of Judge


Date Signed

DRG/BAB/am